Calef and another *v.* The Steamer Bonaparte and owners.

Ebenezer W. Calef and another *v.* The Steamer Bonaparte, and owners.

As a general rule the masters of steamers are authorized to purchase necessary supplies for the use of their boats, and to bind the owners to pay for them ; but they have no authority to purchase supplies or merchandize for third persons, or to bind the owners therefor.

Appeal from the Commercial Court of New Orleans, *Watts,* J.

Potts, for the plaintiffs. No counsel appeared for the appellant.

Garland, J. This action is founded on a due bill for $581 83, given by Charles O. Briggs, captain of the steamer Bonaparte, to the plaintiffs, the consideration of which is stated to be stores fur-

nished the boat. James R. Conner, who is a part owner, for an-swer, after a general denial and a call for a bill of particulars, denies that any stores were delivered, and especially that Captain Briggs had any authority to purchase supplies, or to make any note or due bill to bind the boat or owners. He further says, that he published a notice in a newspaper in the city of New Orleans, warning all persons that he would not pay any debts of the said boat, unless contracted upon his written order, of which the plain-tiffs had knowledge.

An account in detail was filed, which showed the purchase of a number of articles, evidently not intended for the use of the boat, and this is further substantiated by the receipts of the clerk of the boat, but what they amount to we cannot determine with any cer-tainty. The captain proves that all the articles were purchased and delivered, by his order. He says that he examined the account, that it is correct, and that the due bill shows the balance owing. The witness further states, that some of the articles were not for the use of the steamer, but were purchased, by his order, in the name of the boat, for different individuals, which practice, he says, is a com-mon one among all the boats engaged in the lower trade. He fur-ther states, that Conner was aware of purchases being made for other persons.

The clerk of the plaintiffs fully proves the sale and delivery of the articles stated in the account, and their value. The notices referred to in the answer, are filed. The first one states, that Conner will not be accountable for any debts of the steamer, unless con-tracted on his written order; the second, published about a week after, says, that he will not be responsible unless the debts are con-tracted by the captain or himself. The captain explains the cause of this change. It further appears that after these notices, Conner knew that purchases were made of the plaintiffs, and that he made one or more payments to them, on the order of the captain.

There was a judgment in favor of the plaintiffs, from which the defendant, Conner, appealed.

As a general rule, the masters or commanders of steamers have a right to purchase necessary supplies, and to bind the owners to pay for them; but they have no right to purchase supplies or mer-chandize for other persons, and thereby bind the owners, or the

boat. In this case, large payments have been made, much more than sufficient to cover the purchases made for other persons, and Conner was aware of the practice of purchasing in this way, otherwise we should not hesitate to remand the case, to ascertain what articles were purchased for other persons, and to declare that Conner was not bound to pay for them. It is to be presumed that the persons for whom the purchases were made, have paid the boat or Conner, and that in this way the goods sold have gone to his benefit.

The second notice of Conner, contains an authority to the captain to contract debts on account of the steamer, and the account shows an amount of necessary supplies furnished for the use of the steamer, largely exceeding the sum claimed.

We have examined the bill of exceptions taken by the defendant on the trial, and think that the judge did not err in admitting the testimony to which objection was made. It goes more to the effect of evidence, than to its admissibility.

*Judgment affirmed.*